IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

QUINTON SHORTER,

    Plaintiff,                       No. CIV S-05-2127 DFL DAD P

    vs.

TERESA SCHWARTZ, et al.,        ORDER AND

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $17.53 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account.[1]  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

---

[1] On January 26, 2006, plaintiff filed a document styled, "Request for Consolidation of filing fee's [sic] and Payment," in which he requests that the filing fee for this case and a case that he is pursuing on appeal with the Ninth Circuit be "consolidated."  There is no authority for such consolidation of filing fees.  Plaintiff's request will be denied.

pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

       The allegations set forth in plaintiff's complaint may be summarized as follows. On March 30, 2005, plaintiff was issued a rule violation report for possession of contraband consisting of ten "rolled cigarettes." (Compl. at 4.) On April 16, 2005, plaintiff was found guilty of the rule violation and was assessed thirty-days loss of behavioral credits and ninety-days loss of yard, gym and telephone privileges. (Id.) On June 2, 2005, plaintiff appeared before the Unit Classification Committee and was unassigned from his housekeeper position, placed in work group "C," and re-housed in administrative segregation as a general population inmate. (Id. at 4, 6.) Plaintiff filed an appeal on June 6, 2005, but it was returned to him with instructions that he was required to attach the CDC-128G and rule violation disposition to the appeal. (Id. at 4-5.) On June 13, 2005, plaintiff filed a second appeal seeking to obtain a copy of his rule violation disposition. (Id. at 5.) After plaintiff received the rule violation disposition, he withdrew the second appeal and re-submitted his original appeal on July 20, 2005. (Id.) The appeal was rejected both as duplicative and because the appeal was not filed within the 15-day time limit for filing a grievance. (Id.)

       Based upon these factual allegations, plaintiff advances the following seven claims: (1) plaintiff's placement in work group "C" was arbitrary and in violation of his rights to due process and equal protection, and constituted cruel and unusual punishment; (2) plaintiff's right to due process created under California Code of Regulations §§ 3000, 3043.4[2] and

/////

---

[2] 15 CCR § 3043.4 provides:

> An inmate eligible to earn worktime credit who refuses a full-time qualifying assignment, or is placed on non-credit earning status (Work Group C) by a classification committee for frequent work/training violations, shall not receive a worktime credit reduction from their sentence until the inmate agrees to accept a qualifying assignment.

3044(5)(a)[3] were violated when plaintiff was placed in work group C and re-housed; (3) plaintiff's equal protection right under the Fifth Amendment were violated based on "policy and procedures established pursuant to CCR § 3000, 3043.4 and 3044(5)(a);" (4) defendants "acted with impunity and omnipotent disregard for policy and procedures" when plaintiff was unassigned and placed in a different work group; (5) defendants acted with "callous indifference" when they changed plaintiff's work group and yard privileges; (6) plaintiff's right to due process were violated when his appeal challenging the disciplinary was denied as duplicative and untimely; and (7) plaintiff's rights under the Fifth Amendment were violated when defendants obstructed or denied plaintiff his right to equal protection.  (Id. at 6-11.)  Plaintiff seeks unspecified monetary and punitive damages, costs, "Judicial Correction and Oversight," and an order that the Department of Corrections and Rehabilitation and California Medical Facility "cease the practice described herein." (Id. at 3.)

        The court finds that plaintiff has failed to state a cognizable claim for relief. Prisoners do not have a constitutional right to various educational or vocational programs. Although California has created a sentence credit scheme in exchange for performance in a work, training or education program, this scheme does not create a state liberty interest. Toussaint v. McCarthy, 801 F.2d 1080, 1094-1095 (9th Cir. 1986). Because plaintiff's claims regarding the loss of his housekeeping assignment and his subsequent reassignment to work group "C" do not impact on a protected liberty interest, he is not entitled to procedural due process in connection with those work assignments. In addition, because prisoners do not have a constitutional right to be incarcerated at a particular correctional facility (see Meachum v. Fano, 427 U.S. 215, 224-25 (1976)), plaintiff also has no constitutionally protected right to remain in a particular housing

---

[3] 15 CCR § 3044(b)(5)(A) provides:

> An inmate who refuses to accept or perform in a work/training assignment, or who is deemed a program failure as defined in Section 3000, and who is placed on non-credit earning status by a classification committee shall earn zero worktime credits.

4

1 group. Therefore, plaintiff cannot state a claim based on any alleged due process violation in
2 connection with changes in his job assignments and housing. See Moody v. Daggett, 429 U.S.
3 78, 88 n.9 (1976); Neal v. Shimoda, 131 F.3d 818, 829 (9th Cir. 1997).

4 Plaintiff's Eighth Amendment claims are also not cognizable. "Not every
5 governmental action affecting the interests or well-being of a prisoner is subject to Eighth
6 Amendment scrutiny[.]" Whitley v. Albers, 475 U.S. 312, 319 (1986). It is "unnecessary and
7 wanton infliction of pain" that constitutes cruel and unusual punishment forbidden by the Eighth
8 Amendment. Id.. See also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble,
9 429 U.S. 97, 105-06 (1976). "It is obduracy and wantonness, not inadvertence or error in good
10 faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."
11 Whitley, 475 U.S. at 319. There is no legal authority which support plaintiff's claims that his
12 assignment to a different work group and his temporary loss of yard privileges constituted cruel
13 and unusual punishment prohibited by the Eighth Amendment.

14 Plaintiff's equal protection claims are likewise not cognizable. To prevail on an
15 equal protection claim, a prisoner must show that he or she was treated in a disparate manner
16 without a rational relationship to a legitimate state purpose. San Antonio School Dist. v.
17 Rodriguez, 411 U.S. 1, 40 (1972). Plaintiff alleges only that his equal protection rights were
18 violated when he was reassigned to a different work group. However, plaintiff has also alleged
19 that the reassignment was followed a disciplinary hearing where it was established that plaintiff
20 was found in possession of contraband. Thus, based upon the allegations of his complaint it is
21 apparent that there was a rational basis for the adverse action taken against plaintiff by prison
22 officials.

23 Lastly, plaintiff claims that his due process rights were violated when his inmate
24 appeal was rejected as untimely and duplicative. "[I]nmates lack a separate constitutional
25 entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th
26 Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Therefore, plaintiff's

assertion that his inmate grievance was properly filed within the time limit set by the California Code of Regulations and his argument that his appeal should be construed as a re-submission of his original appeal and not a duplicative appeal, fail to state a cognizable federal claim.[4]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $17.53. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's January 26, 2006 request for consolidation of filing fees is denied.

Also, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 5, 2006.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
short2127.56

---

[4] Of course, if plaintiff wishes to challenge the disciplinary conviction itself he may do so by pursuing habeas corpus relief first in state court.

6